IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH D. PACELEY,

    Plaintiff,

vs.                                                       Civ. No. 96-521 BB\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed January 4, 1999. The Commissioner denied Plaintiff's request for supplemental security income benefits. Plaintiff alleges a disability due to a back impairment with residual left foot drop. He also claims to suffer from diabetes, dyslipidemia or hyperlipidemia, and hypertriglyceridemia.[1]

2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision. The Plaintiff then appealed the case to this Court. The federal case was voluntarily

---

[1] Dyslipidemia is apparently the same blood disorder as hyperlipidemia. *See The Merck Manual* at 2775, 2754 (16th ed. 1992). Hyperlipidemia occurs when abnormally large amounts of lipids are in the circulating blood. *Stedman's Medical Dictionary* at 985 (26th ed. 1995). Hypertryglyceridemia occurs when there is an elevated triglyceride concentration in the blood. *Id*. at 832.

remanded because the Commissioner apparently could not locate the transcript. A second administrative hearing was held and the ALJ again denied the Plaintiff's application. The Appeals Counsel declined to review the second ALJ decision. Thus, the final decision of the Commissioner is the second ALJ decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the second ALJ decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**. (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ's finding that Plaintiff's diabetes is not a severe impairment is not supported by substantial evidence and is contrary to the law; 2) the ALJ's finding that the Plaintiff's back impairment does not equal the listing of impairments is not supported by substantial evidence and is contrary to the law; 3) the ALJ's finding that the Plaintiff has a residual functional capacity (RFC) for light work is not supported by substantial evidence; and 4) the ALJ failed to consider the fact that the Plaintiff receives general assistance from the state.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. **Id**. The sequential evaluation process ends if at any step the Commissioner

finds that the claimant is disabled or not disabled. **Id**. (citations omitted).

      6. Steps two, three, and four of the sequential evaluation process are at issue in this case. At step two, the claimant must show that he has an impairment or combination of impairments which are severe enough to limit his ability to do basic work activities. 20 C.F.R. §416.920(c). At step three, the claimant can demonstrate *per se* disability if he can show that a severe impairment meets or equals a listed impairment. 20 C.F.R. §416.920(d). At step four, the claimant must show that his residual functional capacity (RFC) does not allow him to return to his past relevant work. 20 C.F.R. §416.920(e).

      7. The Plaintiff argues that the ALJ erred by finding that the Plaintiff's diabetes is not severe. Only if an impairment is so slight that the claimant's ability to perform gainful activity is not seriously affected does analysis conclude at step two. *Bowen v. Yuckert*, 482 U.S. 137, 152 (1987). If the evidence is unclear as to whether the impairment is severe or not, the sequential evaluation process is continued. Soc. Sec. Ruling 85- 28.

      8. Ordinarily, a claimant cannot be found disabled when his impairment can be controlled through medical treatment. *See* 20 C.F.R. §416.930; *Teter v. Heckler*, 775 F.2d 1104, 1107 (10th Cir.1985). In this case, the Plaintiff appears to have good control over his diabetes. Tr. 178, 179. However, in addition to his diabetes, the Plaintiff suffers from dyslipidemia or hyperlipidemia, and severe hypertriglyceridemia. Tr. 178, 187, 190. These afflictions have caused the Plaintiff to seek medical attention on multiple occasions. *See* Tr. 173-200. In fact, medical records indicate that the Plaintiff's dyslipidemia is poorly controlled. Tr. 178, 187. Certainly, the Plaintiff's apparent frequent need to obtain medical attention for these blood disorders would interfere with his ability to work. At the very least, one could conclude that the evidence is

unclear as to whether these blood disorders are severe or not. Accordingly, the ALJ erred by not continuing the sequential evaluation process with respect to these blood disorders.

9. The Plaintiff argues next that the ALJ's step three discussion was inadequate because it did not address the issue of whether the Plaintiff's impairments "equal" Listing §1.05(C), especially when considering the Plaintiff's diabetes. "[I]n determining whether a claimant equals a listing under step three of the [Commissioner's] disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). *See also Roberts v. Callahan*, 971 F.Supp. 498, 501 (D.N.M. 1997)(summary conclusion that severe impairment does not equal an impairment found in the listings is contrary to the law). In this case, the ALJ simply states that the Plaintiff "does not have muscle spasms or significant loss of range of motion to comport with the requirements of §105.C." Tr. 155. While this statement may adequately explain why the Plaintiff does not "meet" Listing §1.05(C), it is an inadequate discussion of whether the Plaintiff may "equal" Listing §1.05(C).[2] Consequently, I find that the ALJ erred by not adequately discussing whether the Plaintiff's impairments equal Listing §1.05(C).

10. The Plaintiff further argues that the ALJ's RFC determination is not supported by substantial evidence. The ALJ relied on the RFC determination made by the state agency's doctor, Dr. Nickerson, to conclude that the Plaintiff can engage in light work. Tr. 156. Social Security Ruling 96-6p states that the ALJ must consider any RFC assessment made by a state agency doctor. Those assessments "are to be considered and addressed in the decision as medical

---

[2]The Court notes that the Commissioner's response to the Motion to Reverse or Remand for a Rehearing did not address the Plaintiff's "equals" argument but rather discussed only whether the Plaintiff met Listing §1.05(C).

4

opinions from nonexamining sources...." Soc. Sec. Ruling 96-6p. "[T]hey are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence." *Id*. According to the regulations, "because nonexamining sources have no examining or treating relationship with [the claimant], the weight [the ALJ] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. §416.927(d)(3). Furthermore, "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. §416.927(d)(4).

11. In this instance, Dr. Nickerson's RFC assessment is based primarily upon a report by consulting physician Dr. Chuang. Tr. 35. Having ordered a lumbosacral x-ray, Dr. Chuang found that "[t]he neurological findings suggest residual L5 radiculopathy[3] on the left side with left foot drop." Tr. 105. Moreover, the x-rays showed a "bony fusion of the lumbosacral junction with a large amount of posterior calcification on the left at L5-S1, suspect complete spondylolysis[4] on the left L5-S1, but not visualized as well on the right and well preserved vertebral bodies and disc spaces." Tr. 106. Dr. Chuang's report hardly seems to support the conclusion that the Plaintiff possesses the physical ability to engage in the activities that define light work, i.e., lifting no more than 20 pounds at a time, with frequent lifting and carrying of objects weighing up to 10 pounds, and walking or standing a good deal, or when the work involves sitting most of the time with some pushing and pulling of arm and leg controls. 20 C.F.R. §404.1567 (b). Additionally, Dr. Barbour, Plaintiff's treating physician, noted that the Plaintiff might benefit from retraining "in

---

[3]Radiculopathy is a disorder of the spinal nerve roots. *Stedman's Medical Dictionary* at 1484.

[4]Spondyloloyis is the degeneration or deficient development of the articulating part of the vertebra. *Stedman's Medical Dictionary* at 1656.

5

some type job which involves sitting and one that he can move around at his own will." Tr. 116. This statement does not describe light work. Even the Plaintiff's statement that "he walks about three times a week, two to three miles, depending on how far he can go without hurting," Tr. 176, is in and of itself insufficient to establish an ability to engage in light work on an ongoing basis. The above discussion leads me to conclude that Dr. Nickerson's RFC assessment is not well supported nor is it consistent with the record as a whole. Therefore, I find that the ALJ's RFC determination of light work is not supported by substantial evidence.

      12. As his final argument, the Plaintiff contends that the ALJ failed to consider the Plaintiff's testimony that the he receives general assistance benefits from the state. The Commissioner correctly notes that there is no documentation in the record from the state which establishs that the Plaintiff indeed receives general assistance due to a disability. Consequently, I find that this general assistance argument is unsupported and so without merit.

Recommended Disposition

      I recommend granting the Plaintiff's Motion to Reverse and Remand for a Rehearing in part. Specifically, I recommend remanding this matter to the Commissioner so that he shall properly consider the severity of the Plaintiff's dyslipidemia or hyperlipidemia and hypertriglyceridemia under step two of the sequential evaluation process, make a proper listings determination under step three of the sequential evaluation process, and properly redetermine the Plaintiff's RFC. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day

period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge